# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| DEJAN HALLUNI, Individually<br>And on Behalf of Others<br>Similarly Situated, ) ) ) | **JURY DEMANDED** |
| ) | No. _____ |
| Plaintiff, ) | |
| ) | **PROPOSED COLLECTIVE ACTION** |
| v. ) | **UNDER** |
| ) | **FAIR LABOR STANDARDS ACT** |
| WESTERN EXPRESS, INC. ) | |
| ) | **AND PROPOSED CLASS ACTION** |
| Defendant. ) | **UNDER** |
| ) | **TENNESSEE COMMON LAW** |
| ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Comes Plaintiff Dejan Halluni, by and through counsel, individually and on behalf of all persons similarly situated, and, for his Complaint against Defendant Western Express, Inc., both seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, including proceeding as a collective action, and as a class action under state law and Fed. R. Civ. Pro 23, states as follows:

### Summary of the Action

1. Plaintiff brings this action as a collective action under the Fair Labor Standards Act and as a class action under the Pennsylvania Minimum Wage Act for Defendant's failure to pay anything to employees for attending Defendant's required orientation after being hired. Specifically, Defendant requires all drivers to attend a two-day orientation at one of its various orientation facilities. The orientation is required and involves employees learning about Defendant's company operations for Defendant's benefit so that they can be more effective employees of Defendant. Although attendance at this orientation constitutes compensable work,

Defendant pays employees nothing for attending orientation, in violation of the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act. In addition, Plaintiff individually seeks a declaration that Defendant, by failing to pay Plaintiff wages, first violated an agreement between Plaintiff and Defendant and that the agreement is therefore and for other reasons not enforceable by Defendant.

**Jurisdiction and Venue**

2. This Court has jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims arise under federal law, including 29 U.S.C. § 206.

3. This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims under the Pennsylvania Minimum Wage Act because they are so related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy and arise from the same set of operative facts as Plaintiffs' claims under the FLSA.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) as Defendant's headquarters are based in this District.

**Parties**

5. Plaintiff is an individual former employee of Defendant; Plaintiff's consent to join this action is attached hereto as Exhibit 1.

6. Defendant is a for-profit Tennessee corporation; upon information and belief, Defendant may be served by service on the registered agent it registered for service of process, Roland Lowell, 7135 Centennial Plaza, Nashville, TN 37209.

7. At all times material to this action, Defendant has been engaged in commerce or in the production of goods for commerce as defined by the FLSA.

8. Defendant's employees are engaged in interstate commerce and handle or work on goods that have been moved in and/or produced in commerce.

9. Defendant's annual gross volume of sales made or business done exceeds $500,000.

10. Plaintiff was an employee of Defendant and he and his work were covered by minimum wage provisions of the FLSA.

11. During all times relevant, Defendant was an employer and/or enterprise covered by the FLSA.

## Collective Definitions

12. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following proposed collective group (the "FLSA Collective"):

> All current and former truck driver employees of Western Express, Inc who attended Western Express orientation since December 4, 2021 and were not compensated (or otherwise were compensated at a rate of less than $7.25 per hour) for such employee's time expended attending such orientation

13. Plaintiff reserves the right to redefine the proposed collective group prior to notice and/or "de-certification" of the collective group, as may be warranted, appropriate and/or necessary.

## Facts

**Defendant Requires Work Without Pay In Connection with Orientation in Violation of the Minimum Wage Provisions of Federal and State Law**

14. Defendant requires all newly hired drivers to attend an orientation of at least two days.

15. Attached hereto as Exhibit 2 is Defendant's webpage describing this required orientation.

16. Plaintiff attended this orientation during the week of Monday, May 30, 2022.

17. After he attending the orientation, Plaintiff inquired of Defendant when he would be paid for attending the orientation.

18. Defendant responded June 16, 2022 that "Orientation is not paid."

19. Attached hereto as Exhibit 3 is a copy of the email by which Defendant informed Plaintiff, after he had already attended orientation, that "Orientation is not paid".

20. Defendant previously entered into a settlement agreement to settle for fifteen million dollars minimum wage claims asserted against it in the case of *Elmy v. Western Express, Inc.*, Case No. 3:17-cv-1199, in this Court.

21. Specifically in *Elmy* provides that the parties agreed to settle the claims of non-payment of minimum wage of a class composed of workers who worked from approximately 2013 until December 3, 2021.

22. Plaintiff does not in this case seek to proceed on behalf of persons whose claims for non-payment of minimum wage for attending orientation would have fallen within the *Elmy* class.

23. Instead, Plaintiff seeks to bring this action as a collective action on behalf of persons who attended orientation on or after December 4, 2021.

**Plaintiff Should Be Granted a Declaration That Defendant's Purported Agreement and Demand that Plaintiff Pay $2,500.00 is Unenforceable.**

24. Defendant required Plaintiff to enter into an agreement as a condition of being employed.

25. A copy of that agreement is attached hereto as Exhibit 4.

26. By failing to pay Plaintiff minimum wages for attending orientation, Defendant violated the agreement; since Defendant violated the agreement, Defendant may not enforce the agreement against Plaintiff, and, more specifically, may not enforce the provisions relating to

Plaintiff not competing against Defendant and/or paying a two thousand five hundred dollars liquidated damages amount to Defendant.

27. Further, Defendant attempted to demand that Plaintiff, while employed by Defendant, perform illegal acts on Defendant's behalf; by making these demands, Defendant violated the agreement; therefore, Defendant may not enforce the agreement against Plaintiff, and, more specifically, may not enforce the provisions relating to Plaintiff not competing against Defendant and/or paying a two thousand five hundred dollars liquidated damages amount to Defendant

28. In the alternative, Defendant fraudulently induced Plaintiff to enter into the agreement by falsely representing to Plaintiff that Plaintiff would earn amounts well in excess of one hundred thousand dollars while working for Defendant, knowing that Defendant's pay practices would not cause that to occur; Plaintiff's pay was substantially less than what Defendant promised it would be.

29. In the alternative, Plaintiff entered into the agreement in circumstances that constitute economic duress, and the agreement should therefore not be enforceable.

30. In the alternative, the provisions regarding Plaintiff not competing against Defendant and paying a liquidated damage penalty to Defendant if Plaintiff fails to work for the entire six-month term of the agreement are unconscionable and thus unenforceable, particularly as applied to Plaintiff's situation, in which Plaintiff worked for Defendant for a substantial portion of time, and the amount of the six-month period he did not work was comparatively insubstantial.

31. In the alternative, the provisions relating to Plaintiff not competing against Defendant are not enforceable because they are not reasonable and are not designed to protect any legitimate interest of Defendant; instead, they are designed by Defendant and other similar

trucking companies to unfairly restrict the ability of employees to cause the market for truck driving employees to be a competitive process.

32. Instead, trucking companies have conspired to not "poach" each other's employees and to essentially black ball employees who leave the employment of another company while "under contract". These actions are conducted by trucking companies with a large market share of the trucking industry and who employee a large share of the trucking employees employed in the United States of America; the anticompetitive agreement to refrain from competing with each other for employees by imposing purported noncompetition agreements on their employees illegally restricts the normal competitive market for truck driving employees by exercising monopoly control on the supply and demand for such services.

33. In addition to not protecting any legitimate interest for the reason that the interest being protected is an illegitimate anticompetitive interest as described above, the Defendant acknowledges that its interest purportedly protected by the noncompetition provision is not significant enough to justify enforcement of a noncompetition agreement. Specifically, Defendant agrees in the agreement itself that the noncompetition provision is only enforceable if an employee has not already paid a two thousand five hundred dollar liquidated damages amount. In other words, Defendant purports to impose an anticompetition provision for the purpose of securing the payment of its purported liquidated damages amount. Even if the liquidated damages amount was otherwise totally unsecure and would therefore certainly go unpaid in the absence of the noncompetition agreement, the noncompetition agreement would still, at most, secure the payment of two thousand five hundred dollars. Neither this Court or any other Court should limit the ability of an employee to compete with a company simply for the company to better secure its ability to recover two thousand five hundred dollars from a former employee.

34. Further, the purported liquidated damages amount does not constitute a reasonable attempt to estimate the damages Defendant would suffer as a result of a breach by the employee; specifically, the agreement does not provide any mechanism for the damages to be calculated based on the amount of time remaining in the contract. Thus, an employee alleged to breach the contract on the last day would owe the exact same amount under liquidated damages provision as an employee who breached the contract after only one week of work in an eighty-six month contract.

35. By failing to provide any mechanism for tying the liquidated damages amount to the amount of time remaining on the contract, which would have been very simple to accomplish, Defendant drafted the liquidated damages provision in essence to function as a penalty that requires employees to purchase their freedom from Defendant like a punishment for failing to submit to Defendant's authority.

36. Defendant has demanded that Plaintiff pay Defendant $2,500.00 under the agreement, and there is a live dispute between the parties relating to whether or not Plaintiff owes any amount to Defendant.

## Collective Action Allegations

37. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

38. Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b); Plaintiff himself has executed a consent to bring this action, a copy of which is attached hereto as Exhibit 1.

39. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid for all

hours worked and were not paid the full and legally mandated minimum wage compensation owed to them for their work attending Defendant's orientation.

40. Resolution of this action requires inquiry into common facts, including, *inter alia*, the nature of Defendant's orientation, and whether it constitutes work requiring payment of at least minimum wage (it does).

41. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records.

42. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for minimum wage violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**Class Action Allegations Pursuant to Federal Rule of Civil Procedure 23 Relating to Defendants' Violation of Pennsylvania[1] State Law**

43. Plaintiff brings this action under Pennsylvania Minimum Wages and Hours Act on behalf of himself and all similarly-situated current and former employees of Defendant who worked for Defendant and were not fully-paid for work for which Defendant should have paid within the last six years.

44. Stated another way, Plaintiff seeks to bring this action as a class action under on behalf of the following persons:

---

[1] Defendant employs similarly-situated persons in states other than Tennessee. To the extent such persons join this action pursuant to 29 U.S.C. § 216(b), Plaintiff may seek to amend this Complaint to add such persons as named plaintiffs and proposed class action representatives to bring claims under the state laws of the state(s) in which such employees performed work.

> All truck driver employees of Western Express, Inc. who attended orientation in Pennsylvania from December 4, 2021 through the present.

45. Plaintiff is a member of the class he seeks to represent.

46. Defendant failed to pay Plaintiff and the members of the class he seeks to represent wages of any sort for attending Defendant's orientation in Pennsylvania, in violation of Pennsylvania law.

47. Upon information and belief, the Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Federal Rule of Civil Procedure 23(a)(1).

48. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 class share the question of whether Defendant paid them for all time worked.

49. The claims of Plaintiff are typical of the claims of the Rule 23 Class, thus satisfying Federal Rule of Civil Procedure 23(a)(3). Defendants' failure to pay Plaintiffs for all hours worked was not the result of any circumstances specific to the Plaintiff. Rather, it arose from Defendants' common pay policies, which Defendants applied generally to their employees.

50. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

51. Further, Plaintiff has retained competent counsel experienced in representing classes of employees related to such employees' employer's failure to pay them properly under the law, thus satisfying Federal Rule of Civil Procedure 23(a)(4).

52. By failing to pay Plaintiff and similarly-situated employees for all hours worked, and failing to pay employees minimum wage for their work during Defendant's orientation, Defendant has created the circumstance under which questions of law and fact common to the Rule 23 Class Members predominate over any questions affecting only individual members. Thus, a

class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims herein as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3).

53. Plaintiff brings this action individually and on behalf of the Pennsylvania Class pursuant to FED. R. CIV. P. 23(a), (b)(2) and (b)(3).

54. Defendant violated the Pennsylvania Minimum Wage Act, 34 Pennsylvania Code Chapter 231 ("PMWA") because it failed to pay minimum wage to Plaintiff and the Pennsylvania Class for attending Defendant's orientation.

55. Defendant violated the Pennsylvania Wage Payment and Collection Law, 43 Pennsylvania Code §260.1 ("WPCL") by intentionally failing to pay Plaintiff and the Pennsylvania Class wages due to them relating to their work attending Defendant's orientation in Pennsylvania.

56. Defendant has been unjustly enriched by retaining wages that are legally owed and due to Plaintiff and the Pennsylvania Class.

57. The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are hundreds of members of the Pennsylvania Class.

58. There are questions of law and fact common to the members of the Pennsylvania Class that predominate over any questions solely affecting the individual members of the Pennsylvania Class, including, without limitation:

    (a) Whether Defendant employed Plaintiff and the Pennsylvania Class within the meaning of the PMWA and WPCL;

(b) Whether the activity of attending Defendant's orientation constituted work requiring pay under the PMWA and WPCL;

(c) Whether Defendant failed to pay Plaintiff and the Pennsylvania Class for all of the hours they worked.

(d) Whether Defendant has been unjustly enriched by its unlawful policy of not paying employees for attending its orientation.

(e) Whether Defendant is liable for all damages claimed by Plaintiff and the Pennsylvania Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

(f) Whether Defendant should be enjoined from continuing to violate the PMWA and WPCL in the future.

59. Plaintiff's claims are typical of the claims of the members of the Pennsylvania Class. Plaintiff has the same interests in this matter as all Pennsylvania Class members.

60. Plaintiff has an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

61. Class certification of Plaintiff's Pennsylvania state law claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Pennsylvania Class, making appropriate both declaratory and injunctive relief with respect to the Pennsylvania Class as a whole. The members of the Pennsylvania Class are entitled to injunctive relief to end Defendant's common and uniform illegal FWW policy of denying the Pennsylvania Class the wages to which they are entitled.

62. Class certification of Plaintiff's Pennsylvania state law claims is also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the

Pennsylvania Class predominate over questions affecting only individual members of the Pennsylvania Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

63. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT I

### VIOLATION OF THE PMWA
### (ON BEHALF OF PLAINTIFF AND THE PENNSYLVANIA CLASS)

64. All previous paragraphs are incorporated as though fully set forth herein.

65. At all relevant times as alleged herein, Plaintiff and the Pennsylvania Class were employed by Defendant within the meaning of the PMWA.

66. Defendant willfully violated Plaintiff's rights and the rights of the Pennsylvania Class by failing to pay them the legally required minimum wage for attending Defendant's orientation in violation of the PMWA.

67. In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions.

68. Defendant's PMWA violations have a caused Plaintiff and the Pennsylvania Class irreparable harm for which there is no adequate remedy law.

69. Due to Defendant's PMWA violations, Plaintiff and the Pennsylvania Class are entitled to recover from Defendant the minimum wage they should have been paid for attending Defendant's orientation, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action.

## COUNT II

## VIOLATION OF THE WPCL
## (ON BEHALF OF PLAINTIFF AND THE PENNSYLVANIA CLASS)

70. All previous paragraphs are incorporated as though fully set forth herein.

71. The Pennsylvania Wage Payment and Collection Law ("WPCL") provides that an employer is obligated to pay all wages due to its employees. *See* 43 P.S. § 260.3.

72. At all relevant times as alleged herein, Plaintiff and the Pennsylvania Class were employed by Defendant within the meaning of the WPCL.

73. Defendant has intentionally failed to pay the wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Pennsylvania Class, in violation of Pennsylvania Code, 43 P.S. § 260.3

74. Defendant is not permitted by state or federal law, or by an order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff's and the Pennsylvania Class' wages that concern this lawsuit.

75. Defendant does not have written authorization from Plaintiff or any Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

76. Pursuant to 43 P.S. §§ 260.9 and 260.10, employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

77. Due to Defendant's violation of the WPCL, Plaintiff and the Pennsylvania Class are entitled to recover all unpaid wages, including the minimum wage that they should have been

paid for attending Defendant's orientation, as well as liquidated damages, court costs and attorneys' fees.

## COUNT III

## UNJUST ENRICHMENT
## (ON BEHALF OF PLAINTIFF AND THE PENNSYLVANIA CLASS)

78. All previous paragraphs are incorporated as though fully set forth herein.

79. Defendant has received and benefitted from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and would rise to the level of unjust enrichment.

80. At all relevant times, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without paying minimum wage compensation at the rate required by Pennsylvania Law.

81. Contrary to all good faith and fair dealing, Defendant induced Plaintiff and the Pennsylvania Class to perform work while failing to pay minimum wage compensation at the rate required by law.

82. By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying minimum wage compensation at the rate required by law, Defendant enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class. Defendant retained and upon information and belief continues to retain such benefits, contrary to the fundamental principles of justice, equity and good conscience.

83. Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in amount equal to the benefits unjustly retained by Defendant.

# COUNT IV

## VIOLATION OF THE FLSA
## (ON BEHALF OF PLAINTIFF AND THE FLSA CLASS)

84. All previous paragraphs are incorporated as though fully set forth herein.

85. All previous paragraphs are incorporated as though fully set forth herein.

86. The FLSA requires that covered employees be compensated for all hours worked at the minimum wage rate of pay. *See* 29 U.S.C. § 206.

87. Defendant is subject to the wage requirements of the FLSA because Defendant is an employer under 29 U.S.C. § 203(d).

88. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

89. During all relevant times, Plaintiff and the members of the FLSA Collective were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

90. During all relevant times, Plaintiff and the Collective Members were not exempt from the requirements of the FLSA.

91. Plaintiff and the Collective Members each performed work attending Defendant's orientation without minimum wage compensation and are entitled to be paid minimum wage compensation for the time they expended attending Defendant's orientation.

92. Defendant's compensation scheme applicable to Plaintiff and the members of the FLSA Collective failed to comply with the FLSA.

93. Defendant knowingly failed to properly compensate Plaintiff and the Collective Members for performing work attending Defendant's orientation without minimum wage compensation.

94. Defendant also failed to create, keep, and preserve records with respect to work

performed by the Plaintiff and the Collective Members while attending Defendant's orientation sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

95. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

96. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT V

## DECLARATORY JUDGMENT

**(On behalf of Plaintiff Halluni, Individually)**

97. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

98. An actual controversy has arisen and exists between Plaintiff, on the one hand, and Defendant, on the other hand, relating to Defendant's assertion that Plaintiff owes Defendant $2,500 under the agreement attached hereto as Exhibit 4.

99. Plaintiff is entitled to judicial determination that Plaintiff owes nothing to Defendant, including that Defendant does not owe $2,500 to Defendant under the agreement attached hereto as Exhibit 4.

100. A judicial determination of the rights and responsibilities of the parties is necessary and appropriate to determine with certainty the rights of Plaintiff, in view of Defendant's ongoing demands of Plaintiff and reporting to credit agency the alleged debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. Back pay and compensatory damages (including unpaid minimum wage compensation) and prejudgment interest to the fullest extent permitted under the law;

d. Liquidated damages to the fullest extent permitted under the law;

e. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law;

f. A declaratory judgment that Plaintiff is not indebted to Defendant; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster, BPR # 023626
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
Mfoster@MarkNFoster.com
*Counsel for Plaintiff*