IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DEJAN HALLUNI, Individually And on Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN EXPRESS, INC.<br><br>Defendant. | NO. 3:23-cv-00691<br><br>JUDGE RICHARDSON |

## ORDER AND FINAL JUDGMENT
## GRANTING UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT
## AND AUTHORIZATION OF NOTICE UNDER 29 U.S.C. § 216(b)

This matter comes before the Court on Plaintiff's Unopposed Motion for Approval of Settlement and Authorization of Notice Under 29 U.S.C. § 216(b) (Ct. Doc. 26 and the "Motion"). Having reviewed the Motion, the parties' Settlement Agreement submitted therewith as Exhibit 1 (the "Agreement"), the proposed notice submitted as Motion Exhibit 2, the proposed Opt-In Consent Form submitted as Motion Exhibit 3 (Motion Exhibits 2 and 3 are the "Notice Documents"), and the Declaration of Plaintiff's counsel submitted as Motion Exhibit 4, the Court finds that (A) the parties' proposed settlement contained in the Agreement is fair, reasonable and adequate and should be approved, (B) that the proposed award of attorney's fees and expenses to Plaintiff's counsel contained within the Agreement is fair, reasonable and appropriate, (C) that the proposed service award to Plaintiff Dejan Halluni contained within the Agreement is fair, reasonable and appropriate, (D) that Notice Documents are appropriate and fairly and accurately describe this action and the settlement, (E) that the Court should authorize notice to be sent to the

FLSA Notice Recipients (as defined in Paragraph 2.6 of the Agreement) by means of the Notice Documents, and (F) that the Motion should be granted.

It is therefore ORDERED that:

1. The Parties' settlement contained within the Agreement is hereby approved, including the award of Attorney Fees and Expenses to Plaintiff's Counsel and service award to Plaintiff Dejan Halluni.

2. The parties shall consummate the settlement in accordance with its terms and provisions, including by sending to the FLSA Notice Recipients (as defined in Paragraph 2.6 of the Agreement) the proposed Notice Documents (with appropriate changes first being made to provide the information in brackets on the Notice Documents); the Court authorizes notice to be sent in such manner pursuant to 29 U.S.C. § 216(b).

3. Plaintiff and each person who completes and returns an Opt-In Consent Form and thereby participates in the settlement in this action are permanently barred and enjoined from prosecuting any of the Opt-In Released Claims (as defined in Paragraph 2.19 of the Agreement and as provided in Paragraph 8.1 of the Agreement) against Defendant and/or the Releasees (as defined in Paragraph 2.22 of the Agreement). Plaintiff is permanently barred and enjoined from prosecuting any of the claims released by him Paragraph 8.2 of the Agreement against Defendant and/or the Releasees (as defined in Paragraph 2.22 of the Agreement).

4. The Court reserves continuing jurisdiction for the purpose of enforcing the Agreement, but in all other respects, all remaining claims in this action (including Plaintiff's Rule 23 claims, which were not resolved in this matter and have not resulted in the

certification of any Rule 23 class) are dismissed, with prejudice. This Order is intended to resolve all claims in this action, and any requests for relief not covered by the Settlement Agreement and this Order are hereby denied. Each party will bear its own costs, including attorneys' fees and expenses, except as provided in the Agreement.

5. The Motion (Doc. No. 26) is GRANTED.

    IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE